**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PATRICIA A. GEARING HILL,**

             **Plaintiff,**

**v.**                                                                    **Case No: 6:20-cv-228-WWB-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

             **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. §406(b) (Doc. No. 26)** |
| **FILED:** | December 22, 2021 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.   BACKGROUND.**

On February 7, 2020, Plaintiff and her counsel, Richard A. Culbertson, Esq. ("Petitioner"), entered into a contingency fee agreement (the "Agreement") whereby Plaintiff agreed to pay Petitioner a fee of twenty-five percent of the total

amount of past-due benefits ultimately awarded to Plaintiff. Doc. No. 26-1. On May 7, 2020, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 21, 22. On July 22, 2020, Plaintiff was awarded attorney's fees in the amount of $697.77 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. No. 25 at 3.

On December 22, 2021, Petitioner filed a motion for authorization to charge Plaintiff $5,000.00 in attorney's fees, pursuant to 42 U.S.C. § 406(b), representing much less than twenty-five percent of the benefits awarded, even when reduced by the previous award of $697.77 under the EAJA. Doc. No. 26 at 7. Petitioner states that the award of benefits is approximately $130,000. *Id.* at 2. The Motion is unopposed.[1] *Id.* at 3.

**II.    LAW.**

Section 406(b)(1)(A) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,

---

[1] Local Rule 7.01, which became effective on February 1, 2021, provides a bifurcated procedure for a party seeking post-judgment attorney's fees and related non-taxable expenses. On December 7, 2021, the Standing Order on Management of Social Security Cases was entered suspending application of Local Rule 7.01 for actions covered by the Standing Order. No. 3:21-mc-00001-TJC, Doc. No. 43 at ¶ 6 (M.D. Fla. Dec. 7, 2021).

> and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See id.*; § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Plaintiff was awarded past-due benefits following remand (*see* Doc. Nos. 22, 26-2), the Court may award attorney's fees under § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520-21 (2019).

### III. ANALYSIS.

#### A. Fee Awards under § 406(b).

Petitioner requests authorization to charge Plaintiff $5,000.00 in attorney's fees. Doc. No. 26 at 7. Under the EAJA, Plaintiff was awarded $697.77 in attorney's

fees. Doc. No. 25 at 3. The amount authorized under § 406(b) must be reduced by the EAJA award. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (holding that district court erred in increasing the fee awarded under § 406(b) and ordering the claimant's attorney to refund the EAJA award to the client, and instead, "the district court could have simply awarded [the attorney] the difference between 25% of [the claimant's] past-due benefits and the amount of the EAJA fee."). The $5,000.00 in attorney's fees sought in this case reflects an amount much less than the deduction for the earlier EAJA award.

### B. Reasonableness of Contingent Fee.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Contingent-fee agreements are "presumptively reasonable," and "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 792. An attorney's recovery is appropriately reduced if it is "based on the character of the representation and the results the representative achieved." *Id.* at 808. A windfall fee award can be reduced if "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Other factors to consider

include "'whether an attorney's success is attributable to his own work or instead to some unearned advantage,' the attorney's 'degree of expertise' and adequacy of representation, the percentage of back benefits sought, and the attorney's risk of loss.'" *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850–51 (11th Cir. 2020) (reversing district court's order reducing award of fees under § 406(b) where the exclusive consideration was the lodestar amount) (quoting *Jeter v. Astrue*, 622 F.3d 371, 376, 380 (5th Cir. 2010)).[2] Finally, "because Section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.

Petitioner represents that he and his associate attorney spent 3.4 hours on Plaintiff's case before this Court. Doc. No. 26 at ¶ 4. As a result of Petitioner's work, Plaintiff was successful on his claim. Doc. Nos. 21, 22. The Agreement demonstrates that Plaintiff was aware of and agreed to pay attorney's fees equal to twenty-five percent of the total of past-due benefits to which he was entitled. Doc. No. 26-1. After reviewing the Motion, the results obtained, and the Agreement, an additional award of $5,000.00 in attorney's fees is reasonable.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 26) and direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida, on December 22, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties